# Exhibit A



*104 8 3 2 8 1 5 8*

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

 DISTRICT COURT F I L E D

JAN 1 5 2021

| | |
|---|---|
| MHM INCORPORATED, a Corporation Incorporated Under the Laws of Oklahoma, | ATTORNEY LIEN CLAIM~~ED~~ DON NEWBERRY, Court Clerk JURY TRIAL DEMANDED STATE OF OKLA. TULSA COUNTY |
| Plaintiff, v. | **CJ~~case no.~~2021-00133** |
| ATAIN SPECIALTY INSURANCE COMPANY, | REBECCA NIGHTINGALE |
| Defendant. | |

## PETITION FOR DAMAGES

MHM Incorporated, by and through its attorney of record Ryan J. Fulda of Schaffer

Herring PLLC, alleges and states as follows in support of its claims against Defendant Atain

Specialty Insurance Company:

1. Plaintiff MHM Incorporated ("Plaintiff") is a corporation incorporated under the laws

   of the state of Oklahoma and with its principal place of business in Oklahoma.

2. Defendant Atain Specialty Insurance Company ("Defendant") is an insurance company

   registered with the National Association of Insurance Commissioners and with its

   principal place of business in Michigan.

3. This Petition asserts claims for breach of contract and bad faith claims handling relating

   to the rights and liabilities of the parties under an insurance policy for commercial

   property coverage issued by Defendant to Plaintiff, Policy No. CIP405002 (the

   "Policy").

4. The Policy insured a motel owned by Plaintiff and located at 10117 E. 11th St., Tulsa,

   Oklahoma 74128.

5. Venue is proper in Tulsa County under OKLA. STAT. TIT. 12 § 137 because the cause of action accrued in Tulsa County.

### Factual Background

6. At all times relevant to the events giving rise to Plaintiff's cause of action, Plaintiff was the owner a commercial property at 10117 E. 11th St., Tulsa, Oklahoma 74128 (the "Property", located at East 11th St. and Highway 169).

7. Plaintiff originally purchased the Property in 1996.

8. The Property contains three (3) brick-veneer structures built in 1972. The largest structure is a two-story building.

9. In 2012, Plaintiff sold the Property to a third-party. Plaintiff provided financing for the transaction, and received a mortgage securing its interest in the property as collateral.

10. In 2019, Plaintiff reacquired the Property through a foreclosure proceeding.

11. Following Plaintiff's repossession of the Property, Plaintiff purchased property insurance coverage for the Property from Defendant, Policy No. CIP405002 (the "Policy").

12. The Property remained insured through Defendant for all times relevant to Plaintiff's cause of action.

13. On or about February 22, 2020, there was a fire at the Property that caused significant damage to approximately 6,240 square feet of the largest building on the Property.

14. Plaintiff reported the loss to Defendant and made a claim for benefits under the Policy.

15. Defendant acknowledge receipt of the claim and assigned claim number 202000356 to the claim (the "Claim").

2

16. Immediately upon receiving the Claim, Defendant hired Minuteman Adjusters as a third-party administrator to adjust the claim.

17. Minuteman Adjusters then hired Worley Claim Services, LLC to investigate the claim.

18. Shortly thereafter, Defendant hired the law firm of Quilling Selander Lownds Winslett Moser ("Defendant's Counsel") to communicate with Plaintiff regarding the Claim.

19. On June 4, 2020, Defendant's Counsel wrote Milesh Shah, President of MHM Incorporated, and requested that Plaintiff provide nine categories of documents and produce a representative to submit to an examination under oath ("EUO").

20. On or about September 17, 2020, Mr. Shah submitted to the EUO.

21. Following the EUO, Defendant's Counsel requested additional information from Plaintiff.

22. Around this same time, Defendant's Counsel advised:

> Atain is continuing to investigate this fire and is doing so under a complete and express reservation of rights, and this communication is not and should not be as a waiver of any terms, conditions, exclusions or other provisions of the subject insurance policy. This communication is not an admission of liability, is strictly without prejudice, and all rights and defenses under the subject insurance policy and/or at law are hereby reserved on behalf of Atain.

23. No one from Defendant ever provided Plaintiff with an estimate of the cost to repair the damage to the Property.

24. On November 16, 2020, Plaintiff's insurance broker, Neerali Desai, emailed Defendant's Counsel and requested an update regarding Defendant's coverage investigation. Defendant's Counsel responded the following day:

> Good morning, Neerali. Matt Pickelman is supervising this case, but a junior partner at our firm has been taking the lead on the day-to-day, took the EUO of the insured, etc. That

3

> junior partner just moved his family from Dallas to Buffalo, NY so we have been in transition mode while he's been packing up and on the road. I know this is an excuse, but I wanted you to know this case is a priority for us and we are working to finalize our recommendation to Atain.

25. Having received no assistance from Defendant in estimating the damage to the Property caused by the fire, Plaintiff provided an itemized estimate for the cost to repair the damage caused by the fire from contractor Tulsa Landmark for $494,390.17.

26. After Plaintiff provided this repair estimate to Defendant on November 18, 2020, no one from Defendant ever contacted Tulsa Landmark to inquire about the repair estimate or discuss any aspects of the cost or estimated scope of work.

27. Having received no update regarding the claim, on November 24, 2020, Plaintiff's attorney, Carl Funderburk, contacted Defendant's Counsel and inquired as to the status of Defendant's handling of the insurance claim, and requested an update "on any information that may be needed and to see if we can get an update and where we are at on the claim."

28. Defendant's Counsel responded later that day: "We should have our full evaluation complete today, or the latest, by tomorrow and same will be sent to our client, Atain Specialty."

29. Having received no further communication from Defendant or Defendant's Counsel, Attorney Funderburk emailed Defendant's Counsel on December 11, 2020 and advised:

> Dear Mr. Pickelman:
>
> It has been more than two weeks since we last heard from you regarding this claim, and more than 8 months since the date of loss. Please respond on or before next Friday, December 18, 2020, and confirm you will be paying the

4

claim and advise the amount that will be paid. If we do not receive this confirmation by that time, we will be forced to seek other legal remedies in order to resolve this matter. We do not want to do this, but this has dragged on for months and everything we have been asked to do, which we have done, has been to no avail. From my client's perspective, It seems what you have said you will do has not accomplished resolution of this matter.

Carl Funderburk

30. Neither Defendant nor Defendant's Counsel responded to Attorney Funderburk's email.

31. More than 115 days after Plaintiff presented a representative for an Examination Under Oath, Defendant has still not advised whether it is affording coverage for the Claim under the Policy.

32. More than 30 days after Plaintiff's request for information regarding the status of the Claim, Defendant has failed to respond.

33. As of January 14, 2021, Defendant had not confirmed coverage for the Claim under the Policy.

34. More than 115 days after Plaintiff presented a representative for an Examination Under Oath, Defendant has still not paid any benefits due under the Policy.

35. Aside from Defendant's Counsel's general statement that Defendant is continuing to investigate coverage for the Claim, Defendant has not provided an explanation for its failure to confirm coverage for the Claim or pay benefits under the Policy.

36. Defendant is in breach of the Policy for failure to provide coverage for the Claim and failing to pay benefits.

37. Plaintiff has submitted a notarized "Proof of Loss" setting forth its claim for benefits under the Policy.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT AS TO DEFENDANT

38. Plaintiff recites the above paragraphs and incorporate them by reference.

39. Plaintiff contracted with Defendant for commercial property insurance coverage, and such coverage was memorialized by the Policy.

40. Plaintiff submitted the insurance Claim to Defendant for damage to the Property caused by a covered cause of loss.

41. The cost to repair the damage caused by the fire is in excess of $460,000.00.

42. After depreciation, Plaintiff is entitled to benefits for the "Actual Cash Value" of the cost to repair the damage to the Property. Based upon the age, condition, and useful life of the items to be repaired, Plaintiff has calculated the Actual Case Value as $390,331.97.

43. Plaintiff is entitled to benefits under the Policy for the actual cost to repair the damage, less depreciation and the Policy deductible of $5,000.00. Plaintiff has calculated this amount to be $385,331.97.

44. Defendant is in breach of the Policy for failure to make payments owed for the Claim.

45. Plaintiff has been damaged because of Defendant's breach of the Policy.

**WHEREFORE** Plaintiffs pray for judgement against Defendant Atain Specialty Insurance Company on its claim for breach of contract, and request actual damages in the amount of $385,331.97, as well as statutory attorney fees, and statutory interest pursuant to OKLA. STAT. TIT. 36 § 3629.

## SECOND CLAIM FOR RELIEF: BAD FAITH HANDLING OF AN INSURANCE CLAIM

46. Plaintiff recites the above paragraphs and incorporate them by reference.

6

47. Plaintiff contracted with Defendant for commercial property insurance coverage, and such coverage was memorialized by the Policy.

48. As Plaintiff's insurer, Defendant has an "implied-in-law duty to act in good faith and deal fairly with the insured to ensure that the policy benefits are received." Newport v. USAA, 2000 OK 59, ¶ 9, 11 P.3d 190, 195, as corrected (Aug. 1, 2000) (citing Christian v. American Home Assurance Co., 577 P.2d 899, 901 (Okla.1977)).

49. When presented with a claim by an insured, Defendant "must conduct an investigation reasonably appropriate under the circumstances" and "the claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient." Newport v. USAA, 2000 OK 59, ¶ 9, 11 P.3d 190, 195, as corrected (Aug. 1, 2000) (citing Christian v. American Home Assurance Co., 577 P.2d 899, 901 (Okla.1977)).

50. Defendant breached its duty of good faith and fair dealing by failing to properly investigate the Claim.

51. Defendant breached its duty of good faith and fair dealing by unreasonably refusing to confirm coverage for the Claim.

52. Defendant breached its duty of good faith and fair dealing by unreasonably refusing to pay benefits for the Claim.

53. Plaintiff further alleges that the conduct of the Defendant was sufficiently intentional, reckless, willful and wanton to justify an award of punitive damages to deter these Defendants, and other similarly situated entities, from so acting in the future.

**WHEREFORE** Plaintiffs pray for judgement against Defendant Atain Specialty Insurance Company on its claim for bad faith handling of an insurance claim, and requests actual damages, punitive damages, and interest in excess of $75,000.00.

Respectfully submitted,

**SCHAFFER HERRING PLLC**

Ryan J. Fulda, OBA #21184
7134 South Yale, Ste. 300
Tulsa, Oklahoma 74136
Telephone: (918) 550-8105
Facsimile: (918) 550-8106
ryan.fulda@schafferherring.com
**ATTORNEY FOR PLAINTIFFS**

8

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| MHM INCORPORATED, a Corporation Incorporated Under the Laws of Oklahoma, | ATTORNEY LIEN CLAIMED JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | Case No.: CJ- |
| ATAIN SPECIALTY INSURANCE COMPANY, | **CJ-2021-00133** |
| Defendant. | |

REBECCA NIGHTINGALE

**SERVICE BY:**
**CERTIFIED MAIL**
Atain Specialty Insurance
Company
30833 Northwestern Hwy, Ste. 220
Farmington Hills, MI 48334

Authorized by Ryan J. Fulda

## SUMMONS

**To the above-named Defendant:**

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this ___15___ day of ___Jan___, 20___21___.

DON NEWBERRY
TULSA COUNTY COURT CLERK

By _____
Deputy Court Clerk

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

<u>Attorney for Plaintiff</u>
Ryan J. Fulda, OBA #21184
SCHAFFER HERRING PLLC
7134 S. Yale, Suite 300
Tulsa, OK 74136
Phone: (918) 550-8105
Fax: (918) 550-8016